## QUADE *v.* NEW YORK, N. H. & H. R. Co.

*(Superior Court of New York City, General Term.   June 10, 1891.)*

1. FOREIGN CORPORATIONS—SERVICE OF PROCESS.
   Laws N. Y. 1846, c. 195, which authorized defendant, a Connecticut corporation, to extend its railroad into the state of New York on condition that defendant "shall be liable to be sued by summons in the same manner as corporations created by the laws of this state," does not make defendant a domestic corporation so to authorize service of process as provided by Code Civil Proc. N. Y. § 431, relating to domestic corporations, but process must be served as prescribed in the act of 1846.

2. RAILROAD COMPANIES—EXTORTION—ACTION FOR PENALTY.
   Code Civil Proc. N. Y. § 1895, providing that the summons in an action for a penalty given by statute to any person who sues therefor "can be served only by an officer authorized by law to collect an execution issued out of the same court," does not apply to an action brought under Laws N. Y. 1857, c. 185, which provides that any railroad charging more than the legal fare shall forfeit $50, "which sum may be recovered, together with the excess so received, by the party paying the same," since an action under the act of 1857 can only be brought by the person who pays such excess.

Appeal from special term.

Action by Nicholas M. Quade against the New York, New Haven & Hartford Railroad Company to recover the penalty prescribed by Laws N. Y. 1857, c. 185, for charging more than the legal fare.   Defendant's motion to set aside the service of summons was denied by FREEDMAN, J., who filed the following opinion.

"This is a motion to set aside the service of the summons in this action. The motion is made on two grounds.   The first is that the service was not made as prescribed by section 432, and the second is that the service was not made as prescribed by section 1895, of the Code of Civil Procedure.

"Concerning the first point, it is claimed that the defendant is a foreign corporation, and that in such a case the service must be made in strict conformity with the requirements of section 432.   In fact, the service was not made according to the requirements of that section.   It was made upon a director, which, under section 431, is good service in the case of a domestic corporation, but which is insufficient, under section 432, in the case of a foreign corporation.   The first point would, therefore, be well taken, if it were not for the following considerations:   The defendant corporation was originally chartered by the state of Connecticut, in the year 1844, under the name of the New York & New Haven Railroad Company.   In the year 1846 it applied to the legislature of the state of New York for the permission to extend its road from the Connecticut state line to the line of the New York & Harlem Railroad, and to unite or connect with the last-mentioned railroad at or near Williams Bridge.   Such permission was granted by chapter 195 of the Laws of 1846, and one of the conditions imposed by the eighth section of said act was that the said company shall be liable to be served by summons in the same manner as corporations created by the laws of this state.   This provision subjects the defendant to the liability of being sued by summons like any domestic corporation, although, for all other purposes, it may be a foreign corporation.   This being so, I am of the opinion that the service of the summons upon a director was a good and valid service.

"Concerning the second point, it must be noticed that the action is for the recovery of a penalty given by a statute.   The plaintiff claims in his complaint that on a certain day, on which he took passage on a passenger train of the defendant, to be carried on the defendant's road from 134th street, in the city of New York, to Morris Park, in the state of New York, and thence back to said 134th street, he was charged and compelled to pay, contrary to the laws of the state of New York, fourteen cents in excess of the sum which the defendant had the right to ask and to receive, by means whereof the de-

fendant became liable to pay to the plaintiff, by virtue of the statute of the state of New York entitled, 'An act to prevent extortion by railroad companies,' passed March 27, 1857, the sum of $50, together with the sum of fourteen cents, so asked and received as aforesaid, in excess of the legal fare. That being the character of the complaint, the defendant claims that service of the summons could be made only as prescribed by section 1895, and that, because in fact it was not so made, the service which was made should be vacated. Section 1895 provides as follows: 'The summons in an action brought as prescribed in the last section can be served only by an officer authorized by law to collect an execution issued out of the same court,' etc. The section thus referred to (section 1894) provides that, where a penalty or forfeiture is given by a statute to any person who sues therefor, an action to recover it may be maintained by any person in his own name. But this does not apply to plaintiff's case. The plaintiff is a person aggrieved; and the statute gives a right of action to him, and not to any person who may sue for the penalty. The language of chapter 185 of the Laws of 1857, as amended by chapter 415 of the Laws of 1886, is, ' which sum may be recovered, together with the excess so received, by the party paying the same,' etc. This distinction has been carefully preserved by the Code of Civil Procedure. Section 1893 provides that, where a penalty of forfeiture is given by the statute to a person aggrieved by the act or omission of another, the person to whom it is given may, if it is pecuniary, maintain an action to recover the amount thereof, etc., while section 1894, as already shown, provides for cases in which the right to sue for the penalty is given by the statute to any person. Section 1893, therefore, relates to actions which may be brought by persons aggrieved, while section 1894 relates to actions which may be brought by common informers. The distinction is a material one; and, as section 1895 relates only to the actions to be brought under section 1894, it does not include the actions which may be brought under section 1893. The action brought by the plaintiff falls within section 1893, and consequently section 1895 does not apply. For the foregoing reasons the motion must be denied, with $10 costs."

Defendant appeals.

Argued before SEDGWICK, C. J, and TRUAX and DUGRO, JJ.

*Henry W. Taft,* for appellant.   *E. M. Wight,* for respondent.

PER CURIAM.   The defendants were attempted to be brought into court by a service upon one of their directors of a summons of the kind prescribed by the Code. Such a service is not valid excepting in the cases provided concerning a domestic corporation. The defendant is a foreign corporation. The service was upheld below under section 8, c. 195, Laws 1846, which provided that the defendant "shall be liable to be sued by summons in the same manner as corporations created by the laws of this state." The court, however, is of the opinion that, to constitute a service under the act cited, it would be necessary to serve the kind of process described. The summons named in the act was not of the character, in form or substance, of the summons named by the Code. As neither the act of 1846 nor the Code provided for the service that was made, that service should be set aside. The learned judge was correct in holding that this action is not within section 1895, Code Civil Proc. Order reversed and motion below granted, with $10 costs.