### SEYDEL v. CORPORATION LIQUIDATING CO.

### SAME v. McLEAN.

(Supreme Court, Appellate Term. June 23, 1904.)

1. PROCESS—SERVICE.
     Code Civ. Proc. § 1895, requiring summons in actions to recover penalties to be served by a marshal, applies only to actions brought by a common informer, and not to one by a stockholder for refusal to allow inspection of corporate books.

2. APPEARANCE—DEMURRER—WAIVER.
     A demurrer equivalent to a general appearance waives any defect in service.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Separate actions by L. Victor Seydel against the Corporation Liquidating Company and Peter J. McLean. From judgments for defendant in each action, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Dichman, Luckey & Schwartz (John J. Schwartz, of counsel), for appellant.

Job E. Hedges, for respondents.

SCOTT, J. These actions are brought, apparently under section 53 of the stock corporation law (Laws 1892, p. 1840, c. 688), to recover penalties for the alleged refusal to permit plaintiff, claiming to be a stockholder, to inspect the stockbook. The defendants each filed what is termed in the return a "traverse," under which it was objected that the action could not be maintained because the summons had not been served by a marshal, as required by section 1895 of the Code of Civil Procedure. That section, however, only applies to an action brought by a common informer. Quade v. N. Y., N. H. & H. R. R. Co. (Super. N. Y.) 14 N. Y. Supp. 875. And there was nothing before the justice to indicate that this was such an action. Furthermore, the return contains a demurrer interposed by defendants, which was equivalent to a general appearance, and waived any defect in the service, if any such there was. The judgment shows that the action was dismissed upon the ground raised by the so-called traverse; that is, upon the ground that the summons had not been properly served, and therefore that the court had not obtained jurisdiction. The court did not undertake to pass upon the issues raised by the demurrer, and, in reversing the judgment, we are not to be understood as passing upon them, but merely as overruling the objection raised and sustained as to the jurisdiction of the court, remitting all questions of law and fact to be determined upon the new trial.

Judgment reversed and new trial granted, with costs to appellants to abide the event. All concur.